UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DILLONGER JOHN MAJORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-22 SNLJ |
| | ) |
| RICHARD TROUT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Dillonger Majors brings this civil action for alleged violations of his civil rights against seventeen defendants associated with Southeast Correctional Center in Charleston, Missouri. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $20.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will direct Plaintiff to file an amended complaint on the Court-provided form in compliance with the instructions set out below. The Court warns Plaintiff that his failure to comply with this Order could result in dismissal of this action.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, Plaintiff states that he has never been employed but that in the last six months, he has received approximately $600 from his father. ECF No. 2. Based on the financial information Plaintiff has submitted, his average monthly deposit over the last six-month period is $100. The Court will therefore assess an initial partial filing fee of $20.00, which is twenty percent of Plaintiff's average monthly deposit. If Plaintiff is unable to pay this initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at Southeast Correctional Center ("SECC"), a Missouri Department of Corrections ("MDOC") facility. ECF No. 1 at 2. He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against seventeen SECC defendants, in both their individual and official capacities. *Id.* at 1-2. Plaintiff describes himself as a "mentally ill psychiatric patient and prisoner" and states that this case is "in essence, an 8th Amendment 'total conditions of confinement' complaint" based on "egregious constitutional violations" which "create an atypical and unnecessary hardship." *Id.* at 2-3. Plaintiff asserts that "solitary confinement [of] mentally ill prisoners violates the 8th Amendment," that "courts are NOT bound by old decisions that denied 8th Amendment claims," and as such, "Plaintiff begs the court to set a high standard." *Id.* at 18.

Generally, Plaintiff's complaint alleges a multitude of constitutional violations for which it is unclear which defendant is allegedly responsible and whether the claim is being brought by Plaintiff on his own behalf, or if he is attempting to bring it on behalf of another inmate. For example, Plaintiff complains broadly about a refusal to provide grievance complaint forms; a

unspecified "campaign of harassment;" due process and policy violations associated with conduct violation hearings; inhumane "icebox" conditions which involve isolation to a cold cell with no clothing, blankets, mattress, hygiene items, or legal materials; guards who "spew vulgar profanities, insults, and threats;" SECC staff who "ril[e] up an inmate" then pepper spray him when he responds and do not allow him to shower or clean off the spray afterwards; policy violations related to cells exposed to large quantities of pepper spray that are not cleaned; unconstitutional denial of legal resources; SECC staff reading inmates' outgoing legal mail; inadequate recreation time outside cells; a mice infestation at SECC; and insufficient hygiene items and shower time in his housing unit. *Id.* at 3-18. However, for most of these claims, Plaintiff makes broad sweeping allegations without providing specifics as to whether he suffered these conditions himself,[1] and which, if any, named defendants are responsible.

As an example, Plaintiff asserts allegations regarding an incident where he was pepper sprayed thru the food-tray slot in his cell door. *Id.* at 8. However, this incident does not appear to involve any of the named defendants, as Plaintiff only states that it was the responsibility of an unnamed "(subsequently fired) guard" and Plaintiff admits that the actions of this former guard were later found to be "contrary to policy" by the "Use-of-Force Committee." *Id.* In addition, Plaintiff asserts that on December 21, 2023, he was placed in a cell "that was completely painted [with] a thick layer of [pepper] spray." *Id.* at 9. According to Plaintiff, such conditions can "cause weeks of burning eyes, coughing, and scorched skin all over," but he does not state that he suffered any of these conditions himself. *Id.* Furthermore, Plaintiff names no defendant responsible for

---

[1] Plaintiff names multiple other inmates as the victims of alleged violations by defendants. *See* ECF No. 1 at 5 ("Machen regularly issues C.D.V.'s then later serves as the judge, holding a hearing and (of course) finding the inmate guilty. (e.g. the never ending stream of write-ups to inmate Darrell Woods)."); at 8 ("Excessive force, assault and battery on inmates is a daily occurrence. Not only the Plaintiff, but inmates such as Jesse Jones, Mike Burns, and Caleb Roesch."); at 15 (stating that "Guards are especially insulting to LGBTQ inmates" and then detailing treatment of transgender inmates Combs and Miller). *See also* ECF No. 1-1 ("Declaration" of inmate Scott Miller regarding the insults, threats, pepper-spray, and physical assault he has suffered from guards).

placing him in such a cell, or any defendant which he complained to about the cell conditions and received no relief.

In terms of allegations more specific to Plaintiff himself, Plaintiff states that he "got the 'icebox' 14 times (7 'limited property,' 7 'suicide watch')" within the "past several months."  *Id.* at 6-7 & 11.  He alleges that the "guards" do something to anger him – such as a January 2023 incident where Plaintiff was refused food[2] – and when he reacts, they "use it as an opportunity to abuse him."  *Id.* at 11.  He also claims that the "guards regularly claim that an inmate is 'suicidal' as a fake pretense to place an inmate on 'icebox' conditions for several days."  *Id.* at 6-7.  However, Plaintiff does not name any specific defendant or guard as being responsible for these incidents.  Plaintiff also mentions being "tortured NAKED by painful, non-lethal cold for days on end, with no hygiene – not even toilet paper," but Plaintiff does not name which defendants are responsible for this treatment either, or when it occurred.  *Id.*

In addition, Plaintiff describes himself as "a medicated mentally ill psychiatric patient, since age 13" and asserts that many of the issues alleged in his complaint violate the Americans with Disabilities Act ("ADA").  *Id.* at 11.  However, he does state exactly what he believes constitutes an ADA violation or which defendant is liable.  Plaintiff just states that his condition has been exacerbated by "long-term isolation (4 years in Ad-Seg) and the inhumane treatment by staff."  *Id.*

Furthermore, Plaintiff seems to be attempting to assert a denial of adequate medical care claim.  He alleges that he has been submitting Health Service Requests for five months regarding "the ineffective regime of psych meds he's been given" but "no psychiatrist has been made available … for several months."  *Id.* at 12.  Plaintiff does not explain the problem he is having

---

[2] Plaintiff provides no further detail on this refusal-to-provide-food incident which allegedly occurred on January 20, 2023.  ECF No. 1 at 11.  It is unclear if it is the same incident which he mentions later as a "denial of food" by defendant correctional officer Jones that occurred on January 20, 2024, because the dates differ by a year.  *Id.* at 14.

with his mental health medications or why exactly he needs to see a psychiatrist.  Plaintiff does describe other medical problems he has, including a heart condition, seizures, a thyroid problem, headaches, and nerve pain.  According to Plaintiff, there is a "lack of doctor appointments" for SECC inmates due to the doctor being "over-burdened" and the guards being "too lazy to walk inmates" to medical.  Plaintiff alleges he was mistakenly taken off a medication several times due "to all this s.n.a.f.u. chaos."  *Id.*  Plaintiff also claims a delay in receipt of seizure medications and a delay in placement on "'Seizure Clinic' Status" when he was "first placed" at SECC.  *Id.* at 13.  Plaintiff asserts various other medical failures, many of which are unrelated to any of the named defendants.  For example, Plaintiff alleges failures in treatment of his arthritis while he was incarcerated at a different MDOC facility, and a refusal to allow medical lay-ins by medical staff who are not named defendants.[3]  *Id.*

Finally, Plaintiff also asserts a First Amendment violation based on "no books, newspapers, or magazines" being present in his housing unit.  *Id.* at 15.  According to Plaintiff, MDOC Policy states that inmates should be offered books from a library worker once a week.  Plaintiff states that "[t]his is a pure fiction" and that he hasn't seen a book in four months.  *Id.* at 16.  Plaintiff explains that the lack of reading material is the result of "insidious" rules such as a rule that only allows items that are paid for "by the inmate himself from his inmate account," and another rule that does not allow items with staples.  In addition, Plaintiff complains about his housing unit's "total ban on phone calls."  *Id.*

For relief, Plaintiff seeks declaratory judgment, injunctive relief, an order mandating his release from administrative segregation, and compensatory and punitive damages.  *Id.* at 20.

---

[3] Similarly, Plaintiff complains about a retaliatory conduct violation filed against him by correctional officers who are not named as defendants in the complaint. ECF No. 1 at 19 (Plaintiff complains about the actions of a Sgt. Carter and his "buddy" Slavings).

**Motion to Amend**

Two months after this case was initiated, Plaintiff filed a letter with the Court requesting "to correct a name of a Defendant Michael SeaBaugh to Timothy SeaBaugh." ECF No. 3 at 1. The Court does not accept amendments by interlineation (*i.e.*, by adding language to the pending complaint), because it creates confusion in the record, especially for the responding party. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."). As such, Plaintiff's request, construed as a motion to amend, will be denied. However, as discussed below, Plaintiff can make any desired changes in the filing of his amended complaint.

**Discussion**

Upon review of the complaint under 28 U.S.C. § 1915(e)(2), the Courts finds multiple legal deficiencies in the pleadings. However, because Plaintiff is self-represented and he has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a *pro se* plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint). Plaintiff should consider the following legal issues in filing his amended complaint.

**I.   Only Claims on Behalf of Plaintiff**

Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422

U.S. 490, 499 (1975).  A non-attorney, self-represented litigant (like Plaintiff) may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel.").

As such, Plaintiff has no standing to bring claims on behalf of other prisoners.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  In other words, Plaintiff must allege a personal loss or injury, and he lacks standing to assert claims regarding the mistreatment of other inmates.  *Id.*  Therefore, Plaintiff's amended complaint should only contain allegations of constitutional violations that he himself experienced.  Plaintiff should not assert claims of mistreatment suffered by other inmates.

## II.     Specific Allegations Against Every Named Defendant

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin*, 780 F.2d at 1338 (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).  "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).

Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint

"is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).  Plaintiff lists seventeen individuals as defendants without alleging, with any specificity, what they did to violate his rights.  Most of the allegations of the complaint make claims of unconstitutional actions by "guards" or "staff," without naming specific defendants.  As such, some of the defendants are named in the caption but nowhere else in the complaint.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

In filing his amended complaint, Plaintiff must only name as defendants those who violated his constitutional rights (not the rights of other inmates), and he must clearly state what claims he seeks to bring as to each named defendant.

### III.    Claims must be Related

Under the Federal Rules of Civil Procedure, a plaintiff cannot assert in a single lawsuit, claims against different defendants that are related to events arising out of different occurrences or transactions.  Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, ... [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *Id.* A plaintiff may, however, name a single defendant, and assert as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

Plaintiff's amended complaint should only contain allegations regarding related claims and should only raise claims against parties named as defendants in the amended complaint.

## IV.     Requirements for an Americans with Disabilities Act ("ADA") Claim

Under Title II of the Americans with Disabilities Act, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132*; see also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Schs.*, 863 F.3d 966, 972 (8th Cir. 2017) (stating that Title II of the ADA prohibits public entities from discrimination based on disability in services, programs, or activities). In order to state a claim under Title II of the ADA, a prisoner-plaintiff must allege that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of the prison's services, programs, or activities, or was otherwise subjected to discrimination by the prison; and (3) such exclusion, denial of benefits, or other discrimination was by reason of his disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

Although Title II of the ADA does cover inmates in state prisons, *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 208-12 (1998), it only applies against "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or

local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).

In this case, Plaintiff must satisfy all these pleading requirements in order to state a valid ADA claim in his amended complaint. Based on the allegations of the current complaint, it is not clear what SECC program, service, or activity he was excluded from, and who is responsible for the exclusion. Plaintiff must support his assertions with factual allegations. Finally, an ADA claim cannot be asserted against individual defendants, only against public entities.

## V.     Requirements for an Eighth Amendment Claim

The Eighth Amendment's prohibition on cruel and unusual punishment, as applied to States through the Fourteenth Amendment, limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

A jail official's intentional denial of or delayed access to medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for

a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted).

In addition, the United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To establish a conditions of confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). With respect to the "civilized measure of life's necessities," prison officials are required to ensure that inmates receive adequate clothing, food, shelter, and medical care. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citing *Farmer*, 511 U.S. at 832).

If Plaintiff here wishes to pursue a deliberately indifferent medical care claim in his amended complaint, he should clearly state what his serious medical need is and how it was deliberately disregarded. Plaintiff must name which defendants are responsible and provide facts in support of the assertion that those defendants actually knew of his need and intentionally disregarded it. Furthermore, for a conditions-of-confinement claim, Plaintiff must provide adequate details on any alleged deprivation such that the Court can determine whether it is "sufficiently serious." Plaintiff must also specify which defendant(s) caused the alleged deprivation and plead facts supporting that the deprivation was deliberate. Plaintiff can only assert claims of alleged deprivations that he experienced himself; he cannot raise claims on behalf of other inmates.

## VI. Requirements for a First Amendment Claim

The Supreme Court has "held that sentenced prisoners enjoy freedom of speech and religion under the First and Fourteenth Amendments." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). As such, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). In other words, "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Thornburgh v. Abbott*, 490 U.S. 401, 409 (1989) (explaining that in the context of First Amendment rights in prison, "the relevant inquiry is whether the actions of prison officials were reasonably related to legitimate penological interests").

Due to the nature of correctional facilities, "prison officials may lawfully censor prison mail that is detrimental to the security, good order, and discipline of the institution." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (2011). The four factors identified by the Supreme Court that are "relevant to this inquiry [are]: (1) whether the policy has a valid rational connection to a legitimate governmental interest; (2) whether alternative means are open to … inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are ready alternatives to the policy." *Human Rights Defense Center v. Baxter County Arkansas*, 999 F.3d 1160, 1164 (8th Cir. 2021). When reviewing these factors, a court must give "substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

As such, a prisoner's First Amendment rights may be limited by legitimate penological interests. In order to allege a sufficient First Amendment claim in his amended complaint, Plaintiff must explain how his First Amendment rights are being violated and what prison regulation is violating them. If Plaintiff is attempting to assert claims based on multiple regulations, these pleadings requirements must be satisfied for every claim. Finally, the Court warns Plaintiff that it is well established that there is no federal constitutional liberty interest in having state officers follow state law or having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). As such, alleging a violation of MDOC policy is not enough to state a claim under § 1983.

Plaintiff should consider all these legal pleading requirements in the filing of an amended complaint. Plaintiff's amended complaint will be reviewed under 28 U.S.C. § 1915.

### Instructions for Filing an Amended Complaint

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided Prisoner Civil Rights Complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant and the constitutional rights violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See*

Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208. It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian*, 760 F.3d at 848.

If Plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $20.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to correct a defendant's name, construed as a motion to amend [ECF No. 3], is **DENIED**.  Plaintiff can make any necessary name corrections in the filing of his amended complaint.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 17th day of May, 2024.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE